## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LETISHA L. HARRIS,
    *Plaintiff*,

    v.                            No. 3:24-cv-1213 (JAM)

PATRICK A. CLOUGH *et al.*,
    *Defendants*.

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Letisha L. Harris has filed a *pro se* complaint primarily alleging that the defendants committed fraud and legal malpractice in connection with the administration of the estate of Harris's deceased mother. But because it appears that there is no federal jurisdiction over this action, Harris may either file an amended complaint that overcomes the concerns set forth in this ruling or file a response explaining why the complaint should not be dismissed. Alternatively, she may file a motion to withdraw this action so that she may seek relief in state court.

### BACKGROUND

The caption of the complaint names seven defendants: her deceased mother's spouse, three attorneys, a paralegal, and two witnesses.[1] In essence, Harris claims that there was fraud and legal malpractice in connection with the execution of Harris's mother's will in favor of her mother's spouse.[2] As Harris states in the conclusion of her complaint, her "cause of action outlines serious allegations of legal malpractice, fraudulent execution of a Will, and a dispute over spousal inheritance rights."[3]

---

[1] Doc. #1 at 1. Although the caption of the complaint names seven defendants, the body of the complaint names only four defendants: Harris's mother's spouse and three attorneys. *Id.* at 2.
[2] *Id.* at 3.
[3] *Id.* at 4.

On July 18, 2024, Harris filed this federal court action, asserting claims for legal malpractice and fraudulent execution of her mother's will, as well as disputing the inheritance.[4] She seeks declaratory relief and damages.[5]

## DISCUSSION

The Court has authority on its own initiative to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). If a plaintiff is appearing *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint on its own initiative without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Harris may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). The jurisdiction of federal courts is much more limited than the jurisdiction of state courts. In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law, but only if the

---

[4] Doc. #1.

[5] *Id.* at 4.

[6] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

parties are citizens of different States and if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The complaint does not cite or allege any apparent violation of federal law. Claims of fraud in connection with probate matters and legal malpractice arise under state law, not federal law.

Nor does the complaint allege facts to give rise to federal diversity jurisdiction. The exercise of federal jurisdiction allows for a federal court to hear a state law claim but requires "'complete diversity,' meaning that 'all plaintiffs must be citizens of states diverse from those of all defendants.'" *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). Here, it appears from the allegations of the complaint that Harris is a citizen of Connecticut and that at least one of the defendants is also a citizen of Connecticut.[7]

As best as I can tell, Harris filed this action in federal court without an awareness of the strict limits of a federal court's jurisdiction. There appears to be no reason why Harris could not file her complaint in Connecticut state court rather than in a federal court. My ruling does not call into question the merits of Harris's claims against any of the defendants. It solely raises concerns about whether Harris may proceed with her claims in federal court rather than state court.

## CONCLUSION

In short, it appears that the complaint is subject to dismissal under §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) because it does not allege facts to support federal jurisdiction. But if Harris has grounds to file an amended complaint or to show why the complaint should not be

---

[7] Doc. #1 at 1, 8.

dismissed for lack of federal jurisdiction, she may file a response to this order to show cause by **August 12, 2024**. Alternatively, if Harris realizes now that she has no grounds to proceed with this action in a federal court, then she may file a motion to withdraw and dismiss this action so that she may instead seek any available relief in Connecticut state court.

It is so ordered.

Dated at New Haven this 19th day of July 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge