UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LETISHA L. HARRIS,
    *Plaintiff*,

v.

PATRICK A. CLOUGH *et al.*,
    *Defendants*.

No. 3:24-cv-1213 (JAM)

ORDER OF DISMISSAL

Plaintiff Letisha L. Harris has filed this action alleging that the defendants committed fraud and legal malpractice in connection with the administration of the estate of Harris's deceased mother. The Court has previously entered an order to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The Court's order explained why there was no federal subject matter jurisdiction over Harris's state law claims, and the Court afforded Harris an opportunity to file a response that set forth any grounds for federal jurisdiction or to file a proper amended complaint.

Harris has now filed an amended complaint that cites various provisions of federal law.[2] First, Harris cites a federal criminal law that prohibits making false writings or documents concerning a matter within the jurisdiction of the United States government (18 U.S.C. § 1001(a)(3)) as well as another federal criminal law that prohibits identity fraud (18 U.S.C. § 1028). But even assuming that any of the defendants violated these federal criminal laws, "no private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action." *Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018*)*. There is nothing in either criminal statute reflecting an intention of Congress

---

[1] Doc. #9; *Harris v. Clough*, 2024 WL 3470804 (D. Conn. 2024).
[2] Doc. #10.

to create or to allow a private right of action. *See Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (no private right of action under 18 U.S.C. §1001); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302-03 (E.D.N.Y. 2004) (no private right of action under 18 U.S.C. § 1028).

Second, Harris cites the Declaratory Judgment Act, 28 U.S.C. § 2201. "But '[t]he Declaratory Judgment Act alone does not provide a court with jurisdiction.'" *Smulley v. Safeco Ins. Co. of Illinois*, 2022 WL 16753118 (2d Cir. 2022) (quoting *California v. Texas*, 593 U.S. 659, 672 (2021)); *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.,* 896 F.3d 174, 181 (2d Cir. 2018) (same). Moreover, the Declaratory Judgment Act does not provide an independent federal cause of action but is merely procedural in nature and offers an additional remedy to litigants who have alleged proper causes of action over which a federal court has jurisdiction. *See Gregoire v. Citizens Bank*, 2021 WL 4127076, at *2 n.1 (2d Cir. 2021); *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993).

Third, the amended complaint alleges that this action arises under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. But "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that [their] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quotations omitted). Here, however, all of the named defendants appear to be private individuals, and the amended complaint does not allege misconduct by any government official or entity.

All in all, notwithstanding Harris's filing of an amended complaint that cites federal law, it is apparent that there are no plausible grounds for relief under federal law. The Court therefore dismisses Harris's federal law claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court otherwise declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over

Harris's state law claims. *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022).

Accordingly, the Court DISMISSES this action without prejudice to any relief that Harris may wish to seek in state court with respect to her state law claims. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 28th day of August 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge